IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFFINIPAY, LLC,<br>*d/b/a LawPay*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-cv-28-RP |
| ABACUS DATA SYSTEMS, INC.,<br>*d/b/a AbacusNext*, | § § § § | |
| Defendant. | § § | |

# ORDER

Before the Court is Defendant Abacus Data Systems, Inc.'s ("Abacus") Motion to Compel Arbitration, (Dkt. 8), along with the parties' responsive briefing. After considering the parties' arguments and the relevant law, the Court agrees with Abacus that arbitration is proper.

## I. BACKGROUND

Plaintiff AffiniPay, LLC ("AffiniPay") is an electronic payments company that contracted with Abacus, a practice management and billing company, to receive client referrals. (Contract, Ex. A-1, Dkt. 8, at 11). AffiniPay alleges that Abacus sent a defamatory marketing email in which it stated that AffiniPay fails to use appropriate security protocols. (Compl., Dkt 1, at 4–5). AffiniPay asserts several causes of action that sound in tort: defamation, business disparagement, and tortious interference. (*Id.* at 8–12). Abacus argues that AffiniPay's claims fall within the scope of the arbitration clause in the referral contract ("the Contract") and asks the Court to compel arbitration. (Mot. Compel, Dkt. 8).

## II. LEGAL STANDARD

The Federal Arbitration Act permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "There is a strong presumption in favor of arbitration." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). This presumption applies "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Houston Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 412 (5th Cir. 2014) (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). Because of this presumption, the burden lies with "the party opposing arbitration to demonstrate either that the agreement is invalid or, at a minimum, to allege the dispute is outside of the agreement's scope." *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012). While state law governs the question of whether there exists a valid agreement to arbitrate, the "federal substantive law of arbitrability" applies to the question of whether a particular dispute falls within the scope of an arbitration agreement. *Graves v. BP Am., Inc.*, 568 F.3d 221, 222–23 (5th Cir. 2009). When deciding whether a claim falls within the scope of an arbitration agreement, a court should "focus on factual allegations in the complaint rather than the legal causes of action asserted." *Jones v. Halliburton Co.*, 583 F.3d 228, 240 (5th Cir. 2009).

## III. DISCUSSION

Determining whether to enforce an arbitration clause involves two steps: (1) "whether the parties entered into an arbitration agreement at all," and (2) "whether the dispute at issue is covered by the arbitration agreement." *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 492 (5th Cir. 2017) (citation and quotation marks omitted). Before the second step, a court must also determine "who should have the power to decide" whether a claim is arbitrable. *Id.* (citation and

quotation marks omitted). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs.*, 475 U.S. at 649. A contract "need not contain an express delegation clause to meet" the "clearly and unmistakably" standard. *Archer & White*, 878 F.3d at 493. "An arbitration agreement that expressly incorporates the AAA Rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Id.* (citation and quotation marks omitted).

Here, there is no question that an arbitration clause exists. (*See* Resp. Mot. Compel, Dkt. 10, at 3). The question is whether AffiniPay's claims fall within the scope of the Contract's arbitration clause. That provision reads:

> 16. Disputes. To the extent that a dispute cannot be resolved in a friendly manner between the parties, the dispute shall be settled by arbitration in Texas under the Commercial Arbitration Rules of the American Arbitration Associations or by services rendered by the American Dispute Resolution Center at the election of the party filing the arbitration; provided, however, regardless of the dispute resolution forum selected or the rules governing the same, (i) any dispute shall be resolved by one arbitrator, and (ii) Judgment on the arbitration award may be entered in any court having jurisdiction over the subject matter of the controversy.

(Contract, Ex. A-1, Dkt. 8, at 17). Also relevant to the parties' dispute over the application of the Contract's arbitration clause to AffiniPay's claims is a non-disparagement clause that reads:

> c. Non-Disparagement. Each party represents that it will conduct its business in a manner that reflects favorably on the quality image of the other party and its products and services. Neither party shall disparage the other party or its affiliates or their products or services.

(*Id.* at 15).

Abacus argues that AffiniPay's claims, while characterized as tort claims, are in substance allegations of disparagement that fall within the scope of the Contract's non-disparagement clause. (Mot. Compel, Dkt. 8, at 4). In support of its argument, Abacus points to correspondence from AffiniPay executives and counsel accusing Abacus of violating the Contract's non-disparagement

3

clause. (*Id.* (citing Letter, Dkt. 1-4, at 3 ("Abacus's false and defamatory statements in the Abacus Advertisement are in clear breach of the disparagement provision, Part 6(c) of the Referral and Royalty Agreement between Abacus Data Systems and Affini[P]ay LLP."))). AffiniPay, meanwhile, responds that its claims fall outside the scope of the arbitration agreement because the clause is narrow and none of the claims arise out of the Contract. (Resp. Mot. Compel, Dkt. 10, at 4–9).

The Fifth Circuit distinguishes narrow arbitration clauses "that only require arbitration of disputes 'arising out of' the contract" from broad arbitration clauses governing disputes "that 'relate to' or 'are connected with' the contract." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). If an arbitration clause is broad, "the action should be stayed and the arbitrators permitted to decide whether the dispute falls within the clause." *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). The Fifth Circuit has repeatedly held that arbitration clauses that apply to "any dispute" are broad. *Id.*; *see also Sedco v. Petroleos Mexicanos Mexican Nat'l Oil*, 767 F.2d 1140, 1144–45 (5th Cir. 1985) (holding that an arbitration clause applying to "any dispute or difference between the parties" was broad).

The arbitration clause in this case applies simply to "disputes." (Contract, Ex. A-1, Dkt. 8, at 17). If "a dispute" cannot be resolved, then "the dispute" shall be settled by arbitration. (*Id.*). AffiniPay argues that the parties are sophisticated enough to know how to write a broad arbitration clause and that their failure to do so indicates an intention to construe the clause narrowly. (Resp. Mot. Compel, Dkt. 10, at 5). Of course, even assuming the premise of AffiniPay's argument to be true, it cuts both ways—sophisticated parties presumably also know how to write a narrow arbitration clause, but the Contract's clause lacks language limiting the clause's scope to claims "arising out" of the contract. Lacking such language, the clause applies to disputes without any apparent limitation, similar to the broad provisions in *Hornbeck Offshore* and *Sedco*. At best, the

4

clause's scope is ambiguous, and the Court must resolve that ambiguity in favor of arbitration. The Court therefore finds the arbitration clause to be broad, which requires the Court to stay the case and permit an arbitrator to determine the clause's scope. *Hornbeck Offshore*, 981 F.2d at 754. Moreover, the arbitration clause "expressly incorporates the AAA Rules," which the Fifth Circuit considers to be "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Archer & White*, 878 F.3d at 493. For both of these reasons, the Court holds that the scope of the arbitration clause and its application to AffiniPay's claims must be determined by an arbitrator.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Abacus' Motion to Compel Arbitration, (Dkt. 8), is **GRANTED**. AffiniPay's claims are **STAYED** pending arbitration. The parties shall file a joint status reports detailing the status of the arbitration proceedings on June 11, 2018, and every 60 days thereafter.

**SIGNED** on April 11, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE